**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS   DIVISION**

| | |
|---|---|
| **DONALD GRAHAM** | ) |
| | ) |
| v. | )   3-06-CV-1738-D |
| | ) |
| **NATHANIEL QUARTERMAN, Director,** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutions Division** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Amarillo, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of guilty to the offense of murder as charged in the indictment returned in No. F-0101391-JK a jury was empaneled which found Graham guilty and thereafter assessed punishment at a term of ten years imprisonment, but further recommended that the prison term be suspended and that Petitioner be placed on community supervision for ten years. The trial court accepted the jury's recommendation, suspended the term of imprisonment and entered judgment placing him on a ten year term of community supervision. Graham did not appeal his

conviction.

On April 8, 2003, the State filed a motion to revoke Petitioner's community supervision and following a hearing on May 23, 2003, the trial court revoked his community supervision and sentenced Graham to the ten year term of imprisonment.

Graham appealed the revocation and imposition of the term of imprisonment and on December 22, 2004, the Tenth Court of Appeals filed its opinion affirming the revocation of his term of community supervision. His petition for discretionary review was initially stricken by the Texas Court of Criminal Appeals on June 8, 2005, and was subsequently dismissed on October 26, 2005, as being untimely filed.

Thereafter he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which was denied by the Court of Criminal Appeals on July 19, 2006, without written order on the findings of the trial court without a hearing. He then filed the present § 2254 petition in this court.

**Findings and Conclusions**: In his sole ground for relief Graham claims that he was denied effective assistance of counsel by his attorney at the revocation hearing on May 23, 2003. In his answer Respondent contends that he has failed to exhaust state remedies.

It is well settled that a federal court may not grant relief on an unexhausted claim. See § 2254(b)(1)(A). In order to exhaust a claim, a § 2254 petitioner is required to give the state court system the initial opportunity to address and correct, if necessary, alleged deprivations of federally protected rights. Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056 (1989). Moreover, a constitutional claim must have been "fairly presented" to the state courts before bringing it in a § 2254 petition. Picard v. Conner, 404 U.S. 270, 275, 92 S.Ct. 509 (1971). This requirement is not

2

met if the petitioner presents new legal theories or factual claims in his federal petition. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (citing Anderson v. Harless, 459 U.S. 4, 6-7, 103 S.Ct. 276 (1982)). Further, a petitioner fails to exhaust state remedies when he presents material additional evidentiary support in a § 2254 proceeding which was not presented to the state court system. Graham v. Johnson, 94 F.3d 958, 968 (5th Cir. 1996).

Although it is undisputed that Graham raised an ineffective assistance of counsel claim in his art. 11.07 application, it is clear that he asserts new factual claims in his federal petition which were not presented to the Texas courts.

As his fourth ground for relief in his state application, Petitioner asserted that counsel was ineffective in failing to present mitigating evidence, specifically an appointment card written by Probation Officer Wend showing a reporting date of April 7, rather than April 1.[1] Contemporaneously with the filing of his art. 11.07 application Graham filed an 80 page memorandum of law. The magistrate judge has carefully and thoroughly reviewed the memorandum to locate references and factual claims with respect to his ineffective assistance of counsel claim. The memorandum restates the fact that counsel failed to proffer the appointment card, See No. WR-64,663-01 at 050, 063 and 069; he alludes in some respect to his mental competency, Id. at 59 and 63-64; that counsel failed to present "physical evidence" to show that Officer Wend lied at the revocation hearing, Id. at 065; and that counsel failed to investigate and was inadequate in his preparation, and failed to present documents and material witnesses who would help his case, Id. at 073.

---

[1] Failure to report to Mr. Wend was one of the alleged violations of the terms of Graham's community supervision. See e.g. Appeal No. 10-03-00231-CR, State's brief at 1-2.

Although Graham's memorandum is extremely lengthy and is interspersed with arguments on separate grounds and references to cases and statutory provisions, the essence of his ineffective assistance of counsel claim is that counsel did not proffer an appointment card written by the probation officer either to impeach the officer on cross-examination or through Graham. The remaining claims leveled against counsel are unsupported by any factual claims and are at most conclusory.[2]

As with his state habeas application, Graham filed a memorandum with his federal petition.[3] A similarly thorough and exhaustive review has been made to identify factual claims of ineffective assistance from the copious citation to cases and statutes. The following acts or omissions attributable to his attorney are alleged which were not presented in his state application: a failure to call specific medical experts regarding Petitioner's mental health (Memorandum at 18-24); failure to request a presentence investigation (Id. at 27); failure to move to quash the motion to revoke (Id. at 34); failure to object to Dr. Teresa Williams, Ph.D.'s testimony and expert opinion (Id. at 37); failure to investigate Petitioner's mental health (Id. at 42); failure to investigate and present a defense of estoppel (Id. at 44); and failure to assert a Double Jeopardy clause defense (Id. at 49-50).

These claims are unexhausted. Moreover, Graham may not return to state court in an effort

---

[2]Specific factual allegations of acts or omissions of an attorney are of particular importance in any ineffective assistance of counsel claim since a habeas petitioner must overcome a strong presumption that an attorney's representation meets Sixth Amendment standards, Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052 (1984), and must further establish both that counsel's representation was constitutionally deficient and that "but for counsel's unprofessional errors, the result of the proceeding would have been different," Id. at 694.

[3]Consistent with the liberal construction to be given to pro se pleadings of a lay person the magistrate judge considers the allegations made in Petitioner's brief in analyzing his ground for relief.

4

to present them because any subsequently filed art. 11.07 application would be barred under the Texas abuse of the writ doctrine codified in art 11.07 § 4. All of the factual claims presented for the first time in his § 2254 petition relate to alleged acts or omissions on the part of his trial attorney which occurred and were known to Petitioner on or before the date of his revocation hearing. Procedural default occurs when the court to which unexhausted claims must be presented would find the claims to be procedurally barred. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997); Elizalde v. Dretke, 362 F.3d 323, 328 (5th Cir. 2004).

Graham's ineffective assistance of counsel claim asserted in his federal petition is conclusory in the extreme. See petition at page 7. A conclusory claim fails to raise a cognizable basis for federal habeas corpus relief. See e.g. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). Moreover, even were this court to consider the contents of his memorandum of law as well, he has failed to show anything more than self-serving, uncorroborated factual assertions with respect to those alleged omissions which are not otherwise procedurally barred as set out above. Specifically, the two exhausted assertions pertain to his mental competency at the time of the revocation hearing and counsel's failure to present an appointment card written by the probation officer showing that his appointment for anger management was scheduled for April 7th rather than April 1st or 2nd.

With respect to his mental competency Graham has failed to present any evidence that he was incompetent at the time of the revocation hearing consistent with the requirement set out in Dusky

v. United States, 362 U.S. 402, 80 S.Ct. 788 (1960).[4]

With respect to the appointment card, Petitioner's trial attorney submitted an affidavit in the art. 11.07 proceeding in which he stated that the issue of when Graham was to report for anger management was fully explored at the revocation hearing. See WR 64,663-01 at 108. In addressing this issue the trial court found that any deficiency in failing to produce the appointment card did not affect the outcome of the revocation hearing. Id. at 106. The trial court noted that the failure to attend the anger management program was only one of five alleged violations of the conditions of his community supervision term, and that Graham did not contest the remaining four violations. In substance, the trial court found an absence of prejudice. Since the trial court did not find that both prongs of the two-part Strickland test were satisfied, Graham's claim fails. See e.g. Leal v. Johnson, 425 F.3d 543, 548 (5th Cir. 2005) (collecting cases), cert. denied ___ U.S. ___, l26 S.Ct. 1771 (2006).

The magistrate judge concludes that the Texas Court of Criminal Appeals correctly found that Graham failed to establish that he was denied effective assistance of counsel. However, even were I to conclude otherwise, he has failed to establish that denial of his state habeas application was an unreasonable application of the Supreme Court's Strickland decision. See 28 U.S.C. § 2254(d)(1); Yarborough v. Gentry, 540 U.S. 1, 124 S.Ct. 1 (2003).

**RECOMMENDATION**:

---

[4] Insofar as he claims that specifically identified mental health providers could have provided evidence supporting a claim of mental incompetence, see brief at pages 18-19, in neither his state application nor in his federal petition has he included statements from any of these individuals in order to show that he was prejudiced. See e.g. Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002).

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 5th day of February, 2007.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.